835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michelle Marie SHOULTES, By and Through her Next
Friend/Guardian Terry Whitman SHOULTES, Plaintiff-Appellant,
v.
Michael R. DEWEY, Michael R. Krigelski, Robert Freed, Rodger
Smith, Drederick Kane, Mel Drummond, Harvey Jones, Gertrude
Haas, G. Michael White, and Morrice Board of Education, and
Morrice Area Schools, Defendants-Appellees.
 No. 87-1807.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1987.
 
 Before KEITH, MILBURN and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals from an order dismissing Count I of her complaint in this action under 42 U.S.C. Sec. 1983. The defendants now move to dismiss on grounds that there is no final judgment for purposes of 28 U.S.C. Sec. 1291. The plaintiff has not responded to the motion.
 
 
 2
 By order dated July 28, 1987, the district court dismissed Count I of the plaintiff's complaint but explicitly delayed ruling on the defendants' motion for summary judgment as to the remaining count. The plaintiff filed a notice of appeal from that order on August 20, 1987. On September 25, 1987, the district court served a "Court's Notice to Counsel," stating that the July 28th order did not dispose of all of the plaintiff's claims and that no final judgment had been entered.
 
 
 3
 Absent certification for an interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Federal Rules of Civil Procedure, an order disposing of fewer than all parties or claims in an action is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978) (per curiam).
 
 
 4
 The district court's order was neither final nor certified for interlocutory review. Accordingly,
 
 
 5
 It is ORDERED that the motion to dismiss is granted. Because the appeal is dismissed, we will not address the defendant's previous motion for sanctions under Rule 11, Federal Rules of Civil Procedure.